WEIMER, J.,
dissenting.
Id respectfully dissent from the majority opinion insofar as it attempts to draw a distinction, for purposes of the tolling of prescription, between putative class actions filed in federal court and those initially filed in state court and later removed to federal court. In Quinn v. Louisiana Citizens Property Insurance Corp., 12-0152, p. 13 (La.11/2/12), 118 So.3d 1011, 1019, this court held that in linking the suspension of prescription under La. C.C.P. art. 596 to unique features of Louisiana class action procedure, the legislature expressed an intent that the suspension of prescription effected thereunder applies only to putative class actions in the courts of Louisiana. While, admittedly, there is a factual distinction between Quinn and the present case in that Quinn addressed cross-jurisdictional tolling in the context of a putative class action “filed in federal court,” and the present proceeding involves a putative class action originally filed in state court and later removed to federal court, the distinction is one without a difference. Underpinning Quinn is the recognition that, because Louisiana’s procedural rules do not apply in foreign jurisdictions (and in the federal courts in particular), the suspension effected by La. C.C.P. art. 596 could continue indefinitely — a result at odds with the very aim and purpose of prescription — rendering much of the language of La. C.C.P. art. 596 meaningless and |2creatmg the potential for disparate results depending on the particular jurisdiction in which the issue of class certification is adjudicated. Quinn, 12-0152 at 13-14; 118 So.3d at 1019-1020. This untoward result obtains regardless of whether the putative class action is originally filed in federal court or is filed in state court and subsequently removed to federal court.
While the majority’s attempt to distinguish this case from Quinn is well-intentioned, ultimately, the opinion fails to adequately account for the event that it relies on to distinguish this case from Quinn: the removal of the class action proceeding to federal court and the consequences of that removal. Pursuant to 28 USC § 1446, once removal is effected, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation, and the case proceeds as if it had originally been brought in federal court. 14C Charles Alan Wright, et al„ Federal Practice AND Procedure § 3738 (4th ed. 2009). The removed case is governed by the Federal Rules of Civil Procedure. Id.; Fed. R.Civ.P. 81(c)(1) (“These rules apply to a civil action after it is removed from a state court.”). Thus, the same procedural rules that govern class action proceedings originally filed in federal court apply to those removed to federal court. Yet, it is the disparity between those rules and La. C.C.P. art. 596-a disparity that applies equally to class actions filed in federal court and those removed to federal court— that prompted this court’s conclusion in Quinn that the suspension of prescription effected under La. C.C.P. art. 596 can only apply to putative class actions in Louisiana state courts.
While the majority opinion seeks to distinguish between class actions filed in fed *911 eral court and those removed to federal courts by insisting that this is not a case, like Quinn, in which the court was called upon to apply “Louisiana procedural law in hindsight” to a proceeding in federal court, that is precisely what the majority is ^attempting to do here: engraft La. C.C.P. art. 596’s rules for the recommencement of prescription to a proceeding in federal court. Moreover, the method by which this is to be accomplished is purely aspirational. In other words, acknowledging that federal courts are not required to enforce Louisiana’s procedural rules, the majority hypothesizes that defendants will be “incentivized” to provide the notice necessary to recommence the running of prescription and, thus, concerns about the indefinite suspension of prescription in putative class actions removed to federal court are unwarranted. However, this same argument — defendants facing individual suits in Louisiana state courts following the denial of certification in federal class actions will be “incentivized” to provide the notice required by Louisiana procedural law and thus concerns as to the indefinite suspension of prescription are unfounded — can be made with respect to class action proceedings originally filed in federal court.
In the final analysis, the majority opinion fails to explain why the fact that a putative class action is removed to federal court and adjudicated there as opposed to being originally filed and adjudicated in federal court compels a different result insofar as the tolling of prescription under La. C.C.P. art. 596 is concerned. Because the result in this case is inconsistent with the rationale and holding of this court in Quinn, I must respectfully dissent.